J-A04018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD MURRAY | : | |
| | : | |
| Appellant | : | No. 571 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 1, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002797-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD MURRAY | : | |
| | : | |
| Appellant | : | No. 2227 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 1, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006847-2022

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MARCH 15, 2024**

Gerald Murray appeals from the judgment of sentence entered for his convictions for driving under the influence ("DUI").[1] Murray challenges the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3802(c), respectively.

validity of his guilty plea. Murray waived any challenge to his guilty plea. We therefore affirm.

On February 1, 2023, Murray pleaded guilty to two counts of DUI. At the plea hearing, the Commonwealth reviewed specific consequences of the plea including that Murray's driver's license would be suspended. Defense counsel asked Murray whether he understood the information on his written plea colloquy and whether he agreed to plead guilty. Murray replied, "That's correct." N.T., Guilty Plea Hearing, 2/1/23, at 4, 5. The written colloquy included an explanation of Murray's appellate rights and that he had the right to file a post-sentence motion within 10 days. *See* Guilty Plea Colloquy, dated 2/1/23, at 4. The colloquy also informed Murray that if he wished to challenge the validity of his plea, it needed to be included in his post-sentence motion. *Id.* at 4-5. After the Commonwealth provided a factual summary of the charges, the court accepted the plea and imposed concurrent sentences of six months' restrictive probation, the first 60 days to be served on house arrest. *See* N.T., Guilty Plea Hearing, at 9-10. This timely appeal followed.

Murray raises one issue on appeal: "Whether [Murray's] consolidated guilty plea was knowing, intelligent, and voluntary?" Murray's Br. at 5.

To preserve a challenge of the validity of a plea on direct appeal, a defendant must raise the issue in the trial court either by filing a post-sentence motion challenging the plea or objecting at the plea hearing. *See* *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa.Super. 2013); Pa.R.Crim.P. 720(A)(1) (post-sentence motion must be filed within 10 days of

imposition of sentence), (B)(1)(a)(i) (post-sentence motion challenging validity of guilty plea must be filed within 10 days of the imposition of sentence).

Here, Murray did not object at the plea hearing. He also did not file a post-sentence motion challenging the validity of his plea. He therefore failed to preserve his challenge to his guilty plea, and as such the issue is waived. Therefore, we affirm the judgment of sentence. *See Lincoln*, 72 A.3d at 611 (concluding appellant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/15/2024